**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| ROBERT MCBRIDE, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RAPIDCOURT, LLC | ) ) ) |
| Defendant. | ) |

Civil Action No. 2:17cv628-HCM-LRL

## ANSWER

Defendant RapidCourt, LLC ("RapidCourt"), by counsel, states the following for its Answer to Plaintiff's Complaint:

1. RapidCourt admits that Plaintiff seeks to bring this action under the Fair Credit Reporting Act. The remaining allegations contained in Paragraph 1 state a legal conclusion to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. To the extent a response is required, RapidCourt denies the allegations in Paragraph 1 and denies that it is a consumer reporting agency as alleged in the Complaint.

2. The allegations contained in Paragraph 2 state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, RapidCourt denies those allegations and denies that RapidCourt is a consumer reporting agency and that it sold a consumer report as alleged. With regard to those allegations that concern third parties, RapidCourt lacks sufficient knowledge and information to admit or deny those allegations contained in Paragraph 2, and therefore, denies the same.

3. The allegations contained in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations and denies that it is a consumer reporting agency as alleged.

4. RapidCourt admits that Plaintiff purports to bring nationwide class claims under 15 U.S.C. § 1681c(a). RapidCourt denies that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and denies this action may be properly maintained against it as a class action. The remaining allegations contained in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations and denies that RapidCourt prepared or provided a consumer report as alleged.

5. The allegations contained in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations and denies that RapidCourt prepared or provided a consumer report as alleged.

6. The allegations contained in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations and denies that RapidCourt is a consumer reporting agency or that it prepared or provided a consumer report as alleged.

**JURISDICTION AND VENUE**

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, RapidCourt denies the allegations stated in Paragraph 7. RapidCourt denies that significant third-party evidence and witness testimony are located in this District.

**THE PARTIES**

8. Paragraph 8 states a legal conclusion to which no response is required.

9. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 9, and therefore, denies those allegations.

10. RapidCourt admits that it is a North Carolina entity and that it has offices located in Huntersville, North Carolina.

11. The allegations contained in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations and denies that it is a consumer reporting agency.

12. Paragraph 12 purports to contain a statement of the law to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves.

13. Paragraph 13 purports to contain a statement of the law to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves.

14. The allegations contained in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations and denies that it is a consumer reporting agency or that it prepares or provides reports as alleged.

**CONGRESS' PURPOSE IN ENACTING THE FCRA'S PROTECTIONS**

15. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations stated in Paragraph 15, and therefore, denies those allegations.

16. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations stated in Paragraph 16, and therefore, denies those allegations.

17. Paragraph 17 states legal conclusions to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves.

18. Paragraph 18 purports to contain statements of law to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves.

19. Paragraph 19 contains statements of law to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. To the extent the allegations in Paragraph 19 relate to Plaintiff's salary threshold, RapidCourt lacks sufficient knowledge and information to admit or deny those allegations and, therefore, denies the same.

20. The allegations contained in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies those allegations.

21. Paragraph 21 states legal conclusions and contains statements of law to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. Further, the Congressional Record speaks for itself. RapidCourt denies that it violated the Fair Credit Reporting Act. RapidCourt denies the remaining allegations, if any, contained in Paragraph 21.

22. Paragraph 22 states legal conclusions and contains statements of law to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. Further, the Congressional Record speaks for itself.

23. Paragraph 23 states legal conclusions to which no response is required and relates to a writing or writings which speak for themselves. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves.

24. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 24, and therefore, denies those allegations.

25. Paragraph 25 states legal conclusions to which no response is required and relates to a writing or writings which speak for themselves. The provisions and requirements of the state law are contained in the applicable code for each respective state and speak for themselves.

26. RapidCourt denies the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 state legal conclusions to which no response is required. To the extent a response is deemed to be required, RapidCourt denies the allegations in Paragraph 27.

28. The allegations contained in Paragraph 28 state legal conclusions to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. To the extent a response is deemed to be required, RapidCourt denies the allegations in Paragraph 28 including any allegation that RapidCourt violated the Fair Credit Reporting Act.

## FACTUAL ALLEGATIONS

29. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 29, and therefore, denies those allegations.

30. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 30, and therefore, denies those allegations.

31. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 31, and therefore, denies those allegations.

32. RapidCourt denies that it prepared or provided a consumer report regarding Plaintiff. Upon information and belief, RapidCourt understands from, *inter alia*, this Plaintiff's contentions in prior suits, that third party Apex Background Check, Inc. may have prepared a consumer report regarding Plaintiff. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 32, and therefore, denies those allegations.

33. RapidCourt denies that it prepared or provided a consumer report regarding Plaintiff. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 33, and therefore, denies those allegations.

34. RapidCourt denies that it prepared or provided a consumer report regarding Plaintiff. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 34, and therefore, denies those allegations.

35. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 35 as to Plaintiff's discoveries, and therefore, denies those allegations. RapidCourt denies that it prepared, provided or sold a consumer report as alleged.

36. RapidCourt admits that it, on occasion, obtains access to records from courts located in the Commonwealth of Virginia and that those records, at times, may contain information relating to criminal proceedings. RapidCourt denies that it prepared or provided a consumer report regarding Plaintiff. RapidCourt denies the remaining allegations, if any, contained in Paragraph 36.

37. RapidCourt denies that it prepared or provided a consumer report regarding Plaintiff. Accordingly, RapidCourt denies the allegations contained in Paragraph 37. Further responding, RapidCourt states that it lacks sufficient knowledge and information with regard to the actions of third parties.

38. RapidCourt denies that it prepared or provided a consumer report regarding Plaintiff. Accordingly, RapidCourt denies the allegations contained in Paragraph 38. Further responding, RapidCourt states that it lacks sufficient knowledge and information to admit or deny allegations regarding the actions of third parties.

39. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 39, and therefore, denies those allegations.

40. Paragraph 40 states a legal conclusion to which no response is required. The provisions and requirements of the Fair Credit Reporting Act are contained in the United States Code and speak for themselves. To the extent a response is required, RapidCourt denies the allegations stated in Paragraph 40 including any allegation that RapidCourt violated the Fair Credit Reporting Act.

41. RapidCourt denies the allegations contained in Paragraph 41.

42. RapidCourt denies the allegations contained in Paragraph 42.

43. RapidCourt admits it is as a leader in data technologies, connecting users to relevant records from thousands of sources. RapidCourt further admits that it is a member of NAPBS. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations stated in Paragraph 43, and therefore, denies those allegations. Further responding, to the extent Paragraph 43 relates to any legal conclusions or refers to the content of any writing or writings that would speak for themselves, no response thereto is required of RapidCourt. RapidCourt denies that it is a consumer reporting agency as alleged.

44. RapidCourt admits the allegations contained in Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, RapidCourt denies the allegations contained in Paragraph 45 and denies that it prepared or provided any reports as alleged.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, RapidCourt denies the allegations contained in Paragraph 46 and denies that it prepared or provided any reports alleged.

**Response To Section Titled Defendant's Violations Were Willful**

47. RapidCourt admits that it is aware of the Fair Credit Reporting Act. RapidCourt denies the remaining allegations contained in Paragraph 47.

48. RapidCourt admits that it is a member of NAPBS. RapidCourt admits that, at times, the NAPBS seeks to educate its membership regarding legal issues potentially impacting its membership. RapidCourt denies the remaining allegations contained in Paragraph 48 and denies any violation of the FCRA.

49. RapidCourt lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 49, and therefore, denies those allegations.

50. Paragraph 50 contains Plaintiff's opinion regarding the requirements of the Fair Credit Reporting Act to which no response is required. To the extent that a response is deemed to be required, RapidCourt denies the allegations contained in Paragraph 50.

51. RapidCourt is familiar with the general provisions and requirements of the Fair Credit Reporting Act. RapidCourt denies that it violated the Fair Credit Reporting Act. RapidCourt denies the remaining allegations contained in Paragraph 51.

52. RapidCourt is familiar with the general provisions and requirements of the Fair Credit Reporting Act. RapidCourt denies that it violated the Fair Credit Reporting Act. RapidCourt denies the remaining allegations contained in Paragraph 52.

53. RapidCourt denies the allegations contained in Paragraph 53.

54. RapidCourt admits that at the time it commenced business activities it was aware that, under our judicial system, a plaintiff can initiate a legal action against a defendant, and that the merits of such action are subsequently to be determined by a court of competent jurisdiction. RapidCourt denies the remaining allegations contained in Paragraph 54.

55. RapidCourt denies the allegations contained in Paragraph 55.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, RapidCourt denies the allegations contained in Paragraph 56, denies that it is a consumer reporting agency and denies that it violated the Fair Credit Reporting Act.

57. Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, RapidCourt denies the allegations contained in Paragraph 57 and denies that it violated the Fair Credit Reporting Act.

## COUNT I
## 15 U.S.C. § 1681c – Class Claim

58. RapidCourt reiterates and re-alleges every prior response to the allegations in the foregoing paragraphs and incorporates the same by reference herein.

59. RapidCourt admits that Plaintiff purports to bring this action on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. RapidCourt further admits that Plaintiff purports to define his desired class as stated in Paragraph 59. RapidCourt denies that this action may be properly maintained as a class action and denies that Plaintiff has satisfied or can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. RapidCourt denies the remaining allegations contained in Paragraph 59.

60. To the extent Paragraph 60 states a legal conclusion, no response is required. RapidCourt denies the allegations contained in Paragraph 60; denies that this action may be properly maintained as a class action; and denies that Plaintiff has satisfied Federal Rule of Civil Procedure 23.

61. To the extent Paragraph 61 states a legal conclusion, no response is required. RapidCourt denies the allegations contained in Paragraph 61; denies that this action may be properly maintained as a class action; and denies that Plaintiff has satisfied Federal Rule of Civil Procedure 23.

62. To the extent Paragraph 62 states a legal conclusion, no response is required. RapidCourt denies the allegations contained in Paragraph 62; denies that this action may be properly maintained as a class action; and denies that Plaintiff has satisfied Federal Rule of Civil Procedure 23.

63. To the extent Paragraph 63 states a legal conclusion, no response is required. RapidCourt denies that this action may be properly maintained as a class action and denies that

Plaintiff has satisfied Federal Rule of Civil Procedure 23. RapidCourt lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 63, and therefore, denies those allegations. In further response, RapidCourt does not dispute that Plaintiff's counsel are experienced in such actions.

64. RapidCourt denies the allegations contained in Paragraph 64. RapidCourt denies that this action may be properly maintained against it as a class action.

65. RapidCourt denies the allegations contained in Paragraph 65. RapidCourt denies that this action may be properly maintained against it as a class action.

66. RapidCourt denies the allegations contained in Paragraph 66, including subparts (a) and (b). RapidCourt denies that this action may be properly maintained against it as a class action.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, RapidCourt denies the allegations contained in Paragraph 67, denies that it prepared or provided a consumer report regarding Plaintiff, and denies that this action may be properly maintained as a class action.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, RapidCourt denies the allegations contained in Paragraph 68.

69. RapidCourt denies the allegations contained in Paragraph 69.

70. RapidCourt denies the allegations contained in Paragraph 70.

71. RapidCourt denies the allegations contained in Paragraph 71.

## COUNT II
### 15 U.S.C. § 1681e(b) – Individual Claim by Plaintiff McBride

72. RapidCourt reiterates and re-alleges every prior response to the allegations in the foregoing paragraphs and incorporates the same by reference herein.

73. RapidCourt denies the allegations stated in Paragraph 73.

11

74. RapidCourt denies the allegations stated in Paragraph 74.

75. RapidCourt denies the allegations stated in Paragraph 75.

76. RapidCourt denies the allegations stated in Paragraph 76.

77. RapidCourt denies that Plaintiff and/or any putative class are entitled to any of the relief prayed for in the "WHEREFORE" Paragraph, including subparts (A) through (G).

78. RapidCourt denies any allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

79. Plaintiff's Complaint fails to state a viable cause of action against RapidCourt upon which the relief requested may be granted.

80. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against RapidCourt and fails to state facts sufficient to entitle Plaintiff to the relief sought.

81. The Complaint fails to the extent that Plaintiff and the putative class members lack standing under Article III of the United States Constitution, and therefore, the Court lacks subject matter jurisdiction over this action.

82. Plaintiff's claims fail to the extent that the Court lacks personal jurisdiction over the activities of RapidCourt with respect to the claims plead.

83. Venue is not proper in the Eastern District of Virginia.

84. RapidCourt denies that it violated any provisions of the Fair Credit Reporting Act as alleged in the Complaint.

85. RapidCourt denies that it is liable to Plaintiff in any amount for any reason.

86. Any recovery by Plaintiff is barred to the extent that Plaintiff failed to make reasonable efforts to avoid, mitigate or reduce his alleged damages.

87. Plaintiff's claim for statutory damages is barred because RapidCourt did not engage in willful or knowing violation of the law.

88. Plaintiff's claims are barred, in whole or part, because he suffered no actual damages as a result of RapidCourt's conduct.

89. Plaintiff's damages, if any, were caused by the acts, negligence, or fault of other persons or entities for whom RapidCourt is not liable or responsible.

90. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

91. Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.

92. This action may not properly proceed as a class action under Fed. R. Civ. P. 23 because Plaintiff is unable to satisfy the requirements necessary in order for this action to proceed as a class action under Rule 23.

93. Plaintiff cannot recover from RapidCourt as a class action to the extent such class recovery would deprive RapidCourt of its due process rights to assert individualized defenses to claims of purported class members.

94. Plaintiff cannot recover from RapidCourt individually or as a class action for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW*

*of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

95. Plaintiff has not sufficiently alleged (nor can he prove) that RapidCourt willfully violated the Fair Credit Reporting Act. *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

96. Plaintiff cannot recover against RapidCourt for a claim of negligent violation of the Fair Credit Reporting At to the extent that he cannont maintain a claim for actual or punitive damages.

97. Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n to recover statutory or punitive damages.

98. Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

99. RapidCourt denies that the Fair Credit Reporting Act applies to the business activities challenged in the Complaint. Nevertheless, with respect to all claims pled, to the extent that a violation is established, any such violation was not willful, and/or occurred despite the good faith maintenance of reasonable policies and procedures to avoid such violations.

100. Plaintiff has failed to join all necessary and/or indispensable parties to this suit.

101. Plaintiff and/or putative class members may have waived, released and received payment and satisfaction for his claims.

102. RapidCourt reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, for the foregoing reasons, RapidCourt respectfully requests that the Court (1) dismiss the Complaint with prejudice; (2) award RapidCourt its costs and expenses incurred herein; and (3) grant RapidCourt any further relief as the Court deems just and proper.

Dated:  April 5, 2018

Respectfully submitted,

RAPIDCOURT, LLC

By Counsel

/s/
Charles K. Seyfarth, (VSB No. 44530)
Email: cseyfarth@ohaganmeyer.com
Elizabeth Scott Turner (VSB No. 88056)
Email: eturner@ohaganmeyer.com
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Facsimile: (804) 403-7110

*Counsel for Defendant RapidCourt, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of April 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notice of such filing to all counsel of record.

    By:   /s/ Elizabeth Scott Turner
Charles K. Seyfarth, (VSB No. 44530)
Email: cseyfarth@ohaganmeyer.com
Elizabeth Scott Turner (VSB No. 88056)
Email: eturner@ohaganmeyer.com
O'HAGAN MEYER
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7137
Facsimile: (804) 403-7110

*Counsel for Defendant RapidCourt, LLC*